UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ANDRE L. GORMAN, | ) |
| Petitioner, | ) |
| vs. | ) CAUSE NO. 3:15-CV-295 RLM |
| SUPERINTENDENT, | ) |
| Respondent. | ) |

OPINION AND ORDER

Andre L. Gorman, a *pro se* prisoner, filed a petition for writ of habeas corpus challenging the prison disciplinary hearing (WCC 15-02-321) where the Disciplinary Hearing Body (DHB) at the Westville Correctional Facility found him guilty of Disorderly Conduct on March 17, 2015, in violation of B-236 and sanctioned him with the loss of 90 days earned credit time and demoted him from Credit Class 2 to Credit Class 3. Mr. Gorman presents four grounds in his petition.

In ground one, Mr. Gorman argues that the charges against him were false and without factual basis. In evaluating whether adequate evidence supports the findings of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Superintendent v. Hill, 472 U.S. 445, 455-56 (1985). "This is a lenient standard, requiring no more than a modicum of evidence." Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000) (citations and quotation marks omitted). Even a conduct report alone can be sufficient evidence to support a finding of guilt. McPherson v. McBride, 188 F.3d 784, 786 (7th Cir.

1999). Such is the case here.

> On 2/18/15 at approximately 1:20 pm offender Andre Gorman yelled at Ms. Hawk, "Get your foot off my neck!" in a loud boisterous voice. I, C. Gann, had Gorman to step into the hallway. As he stepped into the hallway he stated, "That Hefer right there!" as he pointed to Ms. Hawk. I informed him, "you will not be disrespectful towards staff in the law library or in front of me." I told Gorman if he wanted to remain in the law library to have a seat and finish his work. At approximately 1:45 pm Gorman walked out of the law library & became boisterous again and stated, "Just mail my Shit OUT! MAKE SURE IT GOES OUT THIS TIME!!" Andre Gorman 904846 interfered with the running of the law library twice in one session, so far as I had to actually step out of the law library twice because of his behavior. Therefore causing disruption of the law library session.

DE 1-1 at 88. Though Mr. Gorman disputes how disruptive he was and exactly what C. Gann saw and heard, "[i]n reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." Superintendent v. Hill, 472 U.S. 445, 457 (1985) (quotations marks and citation omitted). "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." Superintendent v. Hill, 472 U.S. 445, 457 (1985). The evidence was sufficient to have found Mr. Gorman guilty. Therefore ground one is not a basis for habeas corpus relief.

In ground two, Mr. Gorman argues that the charges were filed against him in retaliation for his having spoken to and embarrassed the complex director. However, "even assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process." McPherson v.

2

McBride, 188 F.3d 784, 787 (7th Cir. 1999). Therefore the motivation for filing the charge against him is not a basis for habeas corpus relief.

In ground three, Mr. Gorman argues that he was punished harshly because he was placed in segregation before his hearing and he received the maximum punishment possible for this level of offense. Harshness isn't a valid basis for challenging a DHB punishment that is within the range of the offense for which the inmate was found guilty. *Cf.* United States ex rel. Long v. Pate, 418 F.2d 1028, 1031 (7th Cir. 1970) (Where a sentence is "within the range established by the legislature . . . this court will not [on habeas corpus review] question the trial judge's discretion in imposing sentence, nor will it question the refusal of the Illinois Supreme Court to reconsider appellant's petition for reduction of sentence."). Mr. Gorman received the maximum punishment, but because it wasn't more than the maximum, ground three isn't a basis for habeas corpus relief.

In ground four, Mr. Gorman argues that the hearing officer wasn't impartial because she called him argumentative and didn't properly consider his mental illness.

> An inmate facing disciplinary charges has the right to an impartial decisionmaker. Wolff, 418 U.S. at 571. But "the constitutional standard for impermissible bias is high," Piggie v. Cotton, 342 F.3d 660, 666 (7th Cir. 2003), and an adjudicator is entitled to a presumption of "honesty and integrity" absent clear evidence to the contrary, *see* Withrow v. Larkin, 421 U.S. 35, 47, 95 S. Ct. 1456, 43 L. Ed. 2d 712 (1975). Due process requires disqualification of a decisionmaker who was directly or substantially involved in the underlying incident, Gaither, 236 F.3d at 820, and we have assumed that a decisionmaker might likewise be impermissibly biased if his spouse is a crucial witness in the proceeding, *see* Eads v. Hanks, 280 F.3d 728, 729 (7th Cir. 2002). A hearing officer is not automatically deemed biased, however, simply because he adjudicated or was involved in a previous disciplinary charge against the prisoner. *See* Piggie, 342 F.3d at 666-67; Pannell, 306 F.3d at 502.

3

Perotti v. Marberry, 355 Fed. Appx. 39, 43 (7th Cir. 2009). Mr. Gorman has not alleged that the hearing officer was in any way involved in the underlying incident in the law library. Mr. Gorman's allegations are all related to how the hearing officer spoke to him and weighed the evidence presented at the hearing. Even if Mr. Gorman wasn't argumentative and even if the hearing officer should have given more weight to his mental health claims, those rulings don't present clear evidence of unconstitutional bias and it isn't for this court to re-weigh the evidence presented during the hearing. *See* Superintendent v. Hill, 472 U.S. 445, 457 (1985). This isn't a basis for habeas corpus relief.

For these reasons, the petition for a writ of habeas corpus is DENIED pursuant to Section 2254 Habeas Corpus Rule 4 and this case is DISMISSED.

SO ORDERED.

ENTERED: July 27, 2015

/s/ Robert L. Miller, Jr.
Judge
United States District Court